IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN E. LEE,

        Plaintiff,                                CV-08-140-ST

      v.                                      FINDINGS AND
                                                RECOMMENDATION
SUN LIFE ASSURANCE COMPANY OF
CANADA,

        Defendant.

STEWART, Magistrate Judge:

**INTRODUCTION**

Plaintiff, Susan E. Lee, filed this action to recover accidental death and dismemberment ("AD&D") benefits under an employee benefit plan sponsored by plaintiff's employer, Triad Hospitals, Inc. ("Triad"). Triad funded the AD&D benefits through a group insurance policy issued by defendant Sun Life Assurance Company of Canada ("Sun Life"). Plaintiff's husband, James Lee, died on July 22, 2006. Complaint ¶ 5. Plaintiff then made a claim for $500,000 in benefits under the AD&D Policy in connection with the death of her husband. Answer ¶ 5. Sun

1 - FINDINGS AND RECOMMENDATION

Life denied plaintiff's claim and she appealed.  In December 2007, Sun Life issued its final denial of plaintiff's claim for AD&D benefits.  Complaint ¶ 6.

Plaintiff then filed a Complaint in the Circuit Court of the State of Oregon for Yamhill County, alleging breach of contract against Sun Life.  On January 31, 2008, Sun Life timely removed this action to this court based on complete preemption under the Employee Retirement Income Security Act, 29 USC §§ 1001 *et seq,* ("ERISA") and diversity jurisdiction.

Sun Life has moved for summary judgment on the grounds that:  (1) § 514(a) of ERISA, 29 USC § 1144(a), completely preempts plaintiff's breach of contract claim, making her claim exclusively a matter of federal law; and (2) the applicable standard of review is abuse of discretion.  In her response (docket #13), plaintiff agrees that her claims are preempted by ERISA and that review of the plan administrator's decision to deny benefits is reviewed by the court for an abuse of discretion as modified by the standards set forth in *Abatie v. Alta Health & Life Ins. Co.*, 458 F3d 955 (9th Cir 2006).  Based on this response, Sun Life's motion should be granted.

## RECOMMENDATION

Defendant's Motion for Summary Judgment Re: ERISA Preemption and Standard of Review (docket #7) should be GRANTED.  As a result, plaintiff's breach of contract claim is preempted by, and will be construed as a claim under, ERISA, and Sun Life's decision to deny plaintiff's claim for benefits will be reviewed for an abuse of discretion.

///

///

///

## **SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due **September 19, 2008.** If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 4th day of September, 2008.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

3 - FINDINGS AND RECOMMENDATION