FILED'09 DEC 23 13:32 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SUSAN E. LEE,

Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY OF
CANADA,

Defendant.

CV 08-140-ST

OPINION AND ORDER

REDDEN, Judge:

On June 9, 2009, Magistrate Judge Janice Stewart filed her Findings and Recommendation (doc. 32) that the court deny defendant's motion for summary judgment (doc. 19), grant plaintiff's cross-motion for summary judgment (doc. 25), and enter judgment in favor of plaintiff.

The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Civil Procedure 72(b) and 54(d)(2)(D). The district court is not bound by the recommendations

PAGE 1 - OPINION AND ORDER

of the magistrate judge, and "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). When either party timely objects to any portion of the magistrate's Findings and Recommendation, the district court must conduct a de novo review of those portions of the magistrate's report. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); McDonnell Douglas Corp. v. Commodore Bus. Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). The district court is not, however, required to review the factual and legal conclusions to which the parties do not object. Thomas v. Arn, 474 U.S. 140, 149 (1985); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

Defendant timely filed objections to Magistrate Judge Stewart's findings that: (1) defendant's denial of plaintiff's accidental death and dismemberment ("AD&D") claim should be reviewed with a "high level of skepticism" because the claim determination was affected by a "significant" conflict of interest; and (2) defendant's determination that plaintiff's claim was barred under the AD&D plan's criminal act exclusion was an abuse of discretion. I have, therefore, given those portions of the Findings and Recommendation a de novo review. I agree with Magistrate Judge Stewart's analysis and conclusions.

Magistrate Judge Stewart's finding that defendant operated under a "significant" conflict of interest in denying plaintiff's AD&D claim was based on defendant's: (1) failure to proffer evidence that its structural conflict of interest did not influence the decision-making process; (2) failure to adequately investigate plaintiff's claim; and (3) improper emphasis on evidence favorable to the denial of benefits, while ignoring evidence favorable to a grant of benefits. With respect to defendant's failure to adequately investigate plaintiff's claim, Magistrate Judge

PAGE 2 - OPINION AND ORDER

Stewart found that defendant failed to conduct "any independent investigation of the circumstances surrounding Mr. Lee's death," and never sought or obtained:

> any evidence concerning the reasoning behind the design of the trestle, including its pedestrian-friendly features such as a walkway, handrails, and a safety island; . . . any actuarial analysis regarding whether it was highly likely that crossing the trestle would result in serious injury or death; . . . any evidence regarding when the "No Trespassing" sign(s) were installed and the reasoning behind their design and placement; . . . any further evidence concerning the number of pedestrians who cross the trestle on a daily basis; . . . any evidence that the police had ever cited or prosecuted pedestrians with criminal trespass as a result of walking on or across the trestle; and . . . any statement from representative(s) of the railroad companies whose name(s) are on the "No Trespassing" sign(s).

Findings and Recommendation, at 14. Magistrate Judge Stewart also found that defendant's first explanation for its denial of benefits—that Mr. Lee's death was not due to "accidental means"—"ignores and is contrary to the only relevant evidence in the record." Id. at 17. Balancing all of these case-specific factors, as the Ninth Circuit has instructed, Magistrate Judge Stewart properly concluded that the record evidenced a "significant" conflict of interest and therefore, defendant's stated bases for its denial were subject to enhanced skepticism. Montour v. Hartford Life & Accident Insurance, 2009 WL 3856933, at *5-6 (9th Cir. Nov. 19, 2009).

I am not persuaded that defendant's "new" evidence proves otherwise. That defendant has taken steps to reduce potential bias and promote accuracy in its claims review process does not undermine Magistrate Judge Stewart's conclusion that defendant's decision in this case was affected by a significant conflict of interest. Defendant's "new" evidence does nothing to rebut Magistrate Judge Stewart's findings that defendant failed to adequately investigate plaintiff's claim, improperly emphasized evidence favorable to the denial of benefits, ignored evidence favorable to a grant of benefits, and provided a reason for denial that was not supported by any

evidence in the record. Weighing all of these case-specific factors together, including defendant's structural conflict of interest, I agree with Magistrate Judge Stewart that defendant's denial of benefits should be viewed with enhanced skepticism.

Viewing defendant's decision with a heightened level of skepticism, I agree with Magistrate Judge Stewart's conclusion that defendant abused its discretion by: (1) concluding that Mr. Lee's death was "not accidental" without providing any explanation; and (2) improperly ignoring substantial evidence in the record indicating that the train trestle was "open to the public" under Oregon law. Accordingly, I ADOPT Magistrate Judge Stewart's Findings and Recommendation in its entirety. I DENY defendant's motion for summary judgment (doc. 19), and GRANT plaintiff's cross-motion for summary judgment (doc. 25).

IT IS SO ORDERED.

DATED this 23 day of December, 2009.

James A. Redden
United States District Judge

PAGE 4 - OPINION AND ORDER