FILED10 MAY 27 13:04USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SUSAN E. LEE,

        Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA,

        Defendant.

CV 08-140-ST

OPINION AND ORDER

REDDEN, District Judge:

On April 1, 2010, Magistrate Judge Stewart issued an Amended Findings and Recommendation (doc. 83) in the above-captioned case, recommending that the court grant in

PAGE 1 - OPINION AND ORDER

part, and deny in part Plaintiff Susan E. Lee's Motion for Attorney's Fee, Costs and Pre-Judgment Interest (doc. 56). Specifically, Magistrate Judge Stewart recommended that the court grant Lee's request for attorney fees in the amount of $43,750.00, and grant her request for prejudgment interest "calculated from the accrual date of March 10, 2007, and recalculated each anniversary date thereafter." Am. Findings & Recommendation, at 18.

The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. The magistrate judge only makes recommendations to the district court, and any party may file written objections to those recommendations. 28 U.S.C. § 636(b)(1)(C). When a party timely objects to any portion of the magistrate's judge's Findings and Recommendation, the district court must conduct a *de novo* review of the portions of the Findings and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court is not required to review the factual and legal conclusions of the magistrate judge, to which the parties do not object. Thomas v. Arn, 474 U.S. 140, 149 (1985); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

Defendant Sun Life Assurance Company of Canada ("Sun Life") timely filed objections to Magistrate Judge Stewart's Amended Findings and Recommendation. I have, therefore, given those portions of the Findings and Recommendation a *de novo* review. I agree with Sun Life that the Amended Findings and Recommendation should be modified to reflect that prejudgment

PAGE 2 - OPINION AND ORDER

interest stopped accruing when this court entered its Order of Judgment on January 8, 2010. After entry of judgment, interest is governed by 28 U.S.C. § 1961. Accordingly, I ADOPT the Findings and Recommendation as my own Opinion and Order, with the following modifications.

For the reasons set forth in the Amended Findings and Recommendation (doc. 83), Lee's Motion for Attorney's Fee, Costs and Pre-Judgment Interest (doc. 56) is GRANTED in part, and DENIED in part, as follows:

(1) Lee's request for attorney fees is GRANTED in the amount of $43,750.00; and

(2) Lee's request for prejudgment interest is GRANTED as calculated from the accrual date of March 10, 2007, and recalculated each anniversary date thereafter, through January 8, 2010. The applicable interest rate for prejudgment interest in this case, based on the weekly average 1-year constant maturity Treasury bill yield, is 4.93% for March 10, 2007, through March 9, 2008; 1.52% for March 10, 2008, through March 9, 2009; and 0.70% for March 10, 2009, through January 8, 2010. The total prejudgment interest amount is $35,730.

Additionally, Lee's Bill of Costs (doc. 58) is GRANTED in the amount of $224.00.

IT IS SO ORDERED.

DATED this 27 day of May, 2010.

James A. Redden
U.S. District Court Judge

PAGE 3 - OPINION AND ORDER